In the Matter of 241 East 22nd St. Corp. (Designated Herein as 243 East 22nd Street Corp.), Appellant, *v.* City Rent Agency, Respondent.

First Department, October 24, 1972.

454

*Robert S. Fougner* of counsel (*McLaughlin, Fougner & Messing,* attorneys), for appellant.

*William E. Rosen* of counsel (*Harry Michelson* with him on the brief; *Daniel W. Joy,* attorney), for respondent.

STEUER, J. The petitioner is the owner of property subject to the control of the New York City rent control law. Pursuant to that law respondent promulgated Amendment No. 33 to the City Rent, Eviction and Rehabilitation Regulations. The amendment has to do with the method of calculating rent increases for individual apartments when the building has been determined to be entitled to an increase in over-all return. The method is known as the MBR formula, the initials standing for maximum base rent.

Petitioner filed a protest against this amendment. Petitioner simultaneously advised the State Commissioner of Housing that it believed the amendment to be more restrictive than the then existing provisions and inquired whether the amendment had been approved by him. The State Housing Commissioner then requested the respondent, in the light of this claim, to submit to his office the rationale of respondent in formulating the regulation. Respondent disallowed the protest and ignored the communication from the Commissioner. The petition seeks a judgment annulling the amendment.

On July 2, 1971, the Legislature enacted chapter 1012. The law contains this provision: " No housing accommodations presently subject to regulation and control pursuant to local laws or ordinances adopted or amended under authority of this

subdivision shall hereafter be by local law or ordinance or by rule or regulation which has not been theretofore approved by the state commissioner of housing and community renewal subjected to more stringent or restrictive provisions of regulation and control than those presently in effect.'' Patently, this legislative provision gives a veto power to the State officer over regulations of bodies administering that law when the proposed regulation is more stringent or restrictive than the provisions of existing laws.

Respondent argues that chapter 1012 does not apply because the local law to which the regulation applies was amended before July 2, 1971, and the statute is not retroactive. This overlooks the fact that chapter 1012 speaks of any change in existing regulation. The MBR formula was to go into effect in January, 1972 and thereby changed the regulation in effect on July 2, 1971. In addition, respondent argues that the amendment is not more restrictive than the existing law.

We do not deem it advisable to address ourselves to this question to a deeper extent than indicated below. The peculiar power vested in the State Commissioner allows him to approve a regulation that is more restrictive than existing local law or regulation, this power to be exercised, presumably, when good and valid reasons exist. Inherent in the legislative scheme is the power to make a finding in the first instance that a particular regulation is restrictive to the offending degree. That does not imply that every local law or regulation must be submitted for approval. It must be shown that a colorable claim in that respect is present. Without going into the specific details, we believe that the petitioner has shown that under the MBR formula individual apartments which would be subject to rent increases to make up an over-all hardship increase would be exempt — at least for long periods of time — and although the building was granted an increase comparable to that it would receive under existing law, collection of that increase would be long delayed due to the individual exemptions granted. The determination that a colorable question has been presented is buttressed by the action of the State Housing Commissioner in repeatedly seeking an explanation of the rationale of the adoption of the amendment. It would obviously be futile to reach a final conclusion on the issue of stringency at this time when, even if it be so found, the Commissioner could approve the regulation. Any decision can be rendered moot, so that orderly procedure mandates his prior determination.

The judgment of Special Term (QUINN, J.), entered July 25, 1972, dismissing the petition should be reversed, on the law,

without costs and without disbursements, and the petition granted to the extent of directing respondent to submit Amendment No. 33 to the State Housing Commissioner for approval.

STEVENS, P. J., McGIVERN, MARKEWICH and KUPFERMAN, JJ., concur.

Judgment, Supreme Court, New York County, entered on July 25, 1972, unanimously reversed, on the law, without costs and without disbursements, and the petition granted to the extent of directing respondent to submit Amendment No. 33 to the State Housing Commissioner for approval.